IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAWN HERRMAN,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER REMANDING CASE<br><br><br><br>Case No. 2:08-CV-608 TS |

This matter is before the for review of the Magistrate Judge's September 29, 2009 Report and Recommendation. In his Report and Recommendation, the Magistrate Judge found that the ALJ applied the wrong standard in evaluating the treating physician's evidence and also that the ALJ did not give a legitimate reason for rejecting that opinion. The Magistrate Judge found that the ALJ's finding that the treating physician's opinion was "invalid" was based on an inaccurate understanding of that opinion that is unsupported by the record. The Magistrate Judge, therefore, recommended that the case be reversed and remanded for the ALJ to revaluate the treating physician's opinion.

1

The Report and Recommendation notified Defendant he had ten days to file an objection to the Report and Recommendation and that the failure to file an objection may constitute waiver of those objections on appellate review. Defendant has not filed any objection.

If, as in this case, there is no objection to the Report and Recommendation, the Court applies the "clearly erroneous" standard.[1] Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[2]

Having reviewed the record, the Court finds that the Report and Recommendation is not clearly erroneous. Accordingly, it is therefore

ORDERED that the Magistrate Judge's September 29, 2009 Report and Recommendation is AFFIRMED and ADOPTED IN ALL RESPECTS. It is further

ORDERED that pursuant to the fourth sentence of 42 U.S.C. § 405(g), this case is REMANDED to the Appeals Council of the Social Security Administration, and the Council shall then finally remand the case to an ALJ for further proceedings. On remand, the ALJ shall reevaluate the claim including the treating physician's RFC opinion as set forth the the Report and Recommendation. Due to the passage of time since the treating physician's RFC, supplementation of the record may be required.

---

[1] 28 U.S.C. § 636(b)(1) (requiring de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made") and Fed. R. Civ. P. 72(b) (3) (same).

[2] *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)).

This case shall be closed with a judgment.

DATED  January 12, 2010.

>                    BY THE COURT:
>
>                    _____
>                    TED STEWART
>                    United States District Judge