IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAWN HERRMANN, <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> MICHAEL J. ASTRUE, Commissioner of Social Security Administration, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT <br><br><br><br><br><br> Case No. 2:08-CV-608 TS |

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (the "EAJA").[1] Plaintiff moves the Court to order the government to pay $6,949.24 in attorney's fees for time spent in court and for the additional time required to file this Motion.

Plaintiff argues she is a prevailing party via the Sentence Four remand order entered by this Court on September 29, 2009, which reversed and remanded this case for a new hearing

---

[1] *See* Docket No. 21.

1

before an Administrative Law Judge ("ALJ").[2] Moreover, Plaintiff argues that the government's denial of benefits on the "grounds at issue" is not a substantially justified position.[3]

In response, the government does not dispute Plaintiff's status as a prevailing party, but argues its position in the present case was substantially justified.[4] In particular, the government argues its position — that the ALJ did not err in evaluating the opinion of Plaintiff's treating physician, Peter L. Cornelius M.D. — was reasonable despite the Court previously finding the position unpersuasive.[5]

Thus, the issue at hand is whether the government's position in denying Plaintiff benefits was substantially justified. For the following reasons, the Court finds that the government's position was not substantially justified.

## I. STANDARD OF REVIEW

Under the EAJA, attorney's fees should be awarded "if . . . the position of the United States was not 'substantially justified.'"[6] "The test for substantial justification in this circuit is one of reasonableness in law and fact."[7] Nevertheless, a "position may be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."[8]

---

[2] *Id*. at 1.
[3] *Id*. at 2.
[4] Docket No. 22, at 1.
[5] *Id*. at 3 (noting remand result of Court finding government's position unpersuasive).
[6] *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007); *see also* 28 U.S.C. § 2412(d)(1)(A) (2011).
[7] *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995); *see also Hadden v. Bowen*, 851 F.2d 1266, 1267 & n.2 (10th Cir. 1988).
[8] *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

Additionally, "the reasonableness test breaks down into three parts: the government must show 'that there is a reasonable basis for the facts alleged, that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced."[9]

Indeed, there is no reasonable basis for facts if the only evidence in support of the finding is based on a mistaken understanding of a single report.[10] Additionally, there is no reasonable basis in law if the means of evaluation are contrary to applicable legal standards and no other grounds are given for the government's position.[11]

## II. DISCUSSION

Again, in the present case the issue is whether the government's position — that the ALJ did not err in evaluating the opinion of Plaintiff's treating physician — was substantially justified or in effect reasonable.[12] The Court finds it to have been neither substantially justified nor reasonable.

Specifically, the ALJ made his position clear in the following statement addressing the treating physician's November 2005 opinion:

> In November 2005, Dr. Cornelius stated that [Plaintiff] suffered from fibromyalgia and was therefore restricted to lifting no more than twenty pounds; never climbing, kneeling, or crawling; and occasionally balancing, stooping, crouching, or reaching. He also opined that she must avoid all exposure to

---

[9] *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988) (quoting *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir. 1984)).
[10] *See Gutierrez v. Sullivan*, 953 F.2d 579, 585-86 (10th Cir. 1992) (finding no reasonable basis in facts where ALJ relied on report which improperly separated claimant's pain from ability to do work related activities).
[11] *Gatson*, 854 F.2d at 380 (finding no substantial justification when government disregards legal precedent regarding evaluation process).
[12] *See* Docket No. 22, at 3.

> moving machinery, dust, fumes, and gasses. However as discussed above, [Plaintiff] has never received a legitimate diagnosis of fibrymyalgia [sic] and these estimates, which are based on a non-existent diagnosis, are rendered invalid.
>
> Therefore, the ALJ finds that while some of Dr. Cornelius' opinions are unreliable others are consistent with the rest of the evidence. Therefore, because he had a long-term treating relationship with Ms. Herrman [sic], the ALJ gives his opinions persuasive weight.[13]

Addressing substantial justification first, the government's position was not substantially justified because it was not based in reasonable facts, but instead on a mistaken understanding of the treating physician's November 2005 opinion ("2005 Opinion"). As stated above, where the evidence of the claimant's disability rests solely on a report which is deemed to be mistakenly understood, there exists no reasonable factual basis for the government's position.[14]

Here, the Court determined the ALJ's finding that the 2005 Opinion was invalid was based "on an inaccurate understanding of that opinion."[15] Nevertheless, the government argues that its position concerning the 2005 Opinion was reasonable. Specifically, the government argues that the 2005 Opinion was inconsistent with the treating physician's September 2004 opinion ("2004 Opinion"). Indeed the government's sole argument in support of finding the 2005 Opinion invalid is that "fibromyalgia" was the only diagnosis mentioned and fibromyalgia was "indicated" as the cause of the Plaintiff's fatigue thereby causing an inability to work full time.[16]

---

[13] Docket No. 22, at 5 (quoting TR. 28-29) (alterations in original) (citations omitted).
[14] *See Gutierrez*, 953 F.2d at 585-86 (finding no reasonable factual basis where decision based in misunderstanding of report improperly separating analysis of pain from work-related abilities).
[15] Docket No. 19, at 1.
[16] Docket No. 22, at 5.

The Court declined to follow this reasoning when it adopted the Magistrate Judge's Report and Recommendation, which found that the ALJ misunderstood the 2005 Opinion.[17] In particular, the Magistrate Judge concluded that the treating physician, by writing in the 2005 Opinion "fibromyalgia" after the words "please describe" regarding Plaintiff's fatigue, used the term as "an explanation of Plaintiff's fatigue rather than as an explanation of the functional assessment generally."[18]

Thus, the government's position is not substantially justified because it is based on the mistaken understanding that "fibromyalgia," as written on the 2005 Opinion, was a diagnosis rather than a general explanation as indicated by the placement of "fibromyalgia" after the words "please describe."[19]

Next, the government's position fails the reasonableness test because the means used by the ALJ to evaluate the 2005 Opinion were contrary to applicable regulations and case law.[20] Indeed, as stated above, there is no reasonable basis in law and thus no substantial justification for the government's position where the means of evaluation are contrary to applicable legal standards and no other grounds are given for the denial of benefits.[21]

---

[17] *See* Docket No. 19, at 1.
[18] *See* Docket No. 18, at 6.
[19] *Id.*
[20] *See* Docket No. 18, at 4 (stating treating physician's opinion entitled to controlling weight so long as it is consistent with other substantial evidence in the record); Docket No. 18, at 10 (finding ALJ failed to consider a "series of specific facts in determining what weight to give any medical opinion); *see also* 20 C.F.R. § 404.1527(d)(2)-(6) (outlining factors for determining weight of medical opinion).
[21] *Gatson*, 854 F.2d at 380 (holding no substantial justification because government used pain evaluation method contrary to statute).

The government argues its position was substantially justified in this case because the process by which the ALJ rejected the 2005 Opinion was appropriate.[22] Specifically, the government contends the ALJ acted reasonably in rejecting the 2005 Opinion because the 2005 Opinion diagnosed "fibromyalgia [as] the cause of Plaintiff's fatigue and that fatigue was the cause of her inability to work full time," a diagnosis believed to be unsupported by the record.[23] In other words, the government argues the ALJ acted reasonably in invalidating the 2005 Opinion, viewing the 2005 Opinion as inconsistent, because it provided a diagnosis unsupported by the remainder of the record.

However, controlling case law and statute clearly required a different evaluative process.[24] In fact, "when a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating physician's report not the other way around."[25] In the present case, "the ALJ did not base his decision to reject the [2005 Opinion] on an evaluation of the evidence, such as by examining Plaintiff's other physicians' opinions to see if they outweighed [the treating physician's opinion]."[26] Rather, the ALJ rejected the 2005 Opinion "solely on the inaccurate understanding that the [2005 Opinion] was completely based on a diagnosis of fibromyalgia."[27] Therefore, the

---

[22] Docket No. 22, at 3.
[23] Docket No. 22, at 5.
[24] *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir 2004) (delineating procedure if treating physician's opinion is inconsistent comparatively); 20 C.F.R. § 404.1527(d)(2) (2010) (generally requiring more weight to be given opinions of treating physicians).
[25] *Hamlin*, 365 F.3d at 1215 (quoting *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995)); *see also* 20 C.F.R. § 404.1527(d)(2) (2010) (generally requiring more weight to be given opinions of treating physicians).
[26] Docket No. 18, at 11.
[27] *Id*.

process by which the ALJ rejected the 2005 Opinion was inappropriate because the ALJ failed to evaluate the 2005 Opinion using the applicable legal standards.[28]

### III. CONCLUSION

In conclusion, the government's position is not substantially justified because the government rests its facts in a mistaken understanding of the 2005 Opinion.[29] Moreover, the government's position fails the reasonableness test because the ALJ weighted the 2005 Opinion on the ALJ's own finding that the 2005 Opinion was invalid rather than the factors as delineated by statute and case law.[30] Consequently, Plaintiff should be awarded attorney's fees because the government's position was unreasonable both factually and in its legal basis and, therefore, was not substantially justified.

It is therefore ORDERED that Plaintiff's Motion for Attorney's Fees (Docket No. 21) is GRANTED. Plaintiff is entitled to attorney's fees and costs in the amount of $6,949.24.

SO ORDERED.

DATED   June 20, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[28] *See Gatson*, 854 F.2d at 380 (finding no substantial justification when government disregards legal precedent regarding evaluation process).

[29] *See Gutierrez*, 953 F.2d at 585-86 (finding no reasonable factual basis where decision based in misunderstanding of report).

[30] *See* 20 C.F.R. § 404.1527(d)(2)-(6); *see also Hamlin*, 365 F.3d at 1215; Docket No. 18.